**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4552**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAIME CONEJO,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00092-RJC-4)

Submitted: May 27, 2009       Decided: June 29, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Conejo pled guilty without a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C.A. §§ 846, 841(b)(1)(A) (West 1999 & Supp. 2008) (Count 1), and possession of five kilograms of cocaine with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(A) (West 1999 & Supp. 2008) (Count 2). The district court imposed concurrent sentences of ten years imprisonment on each count. Conejo appeals, contending that the district court erred in finding a sufficient factual basis for his guilty plea. The government concedes error as to Count Two, but maintains that an adequate factual basis existed for Count One. We affirm the judgment on Count One, but vacate the judgment on Count Two and remand for resentencing.

Conejo and three co-defendants agreed to sell five kilograms of cocaine to a confidential informant who was under surveillance by federal drug agents and local police in Charlotte, North Carolina. Conejo transported five bricks of cocaine to a garage where he met the informant with another conspirator and showed the informant one brick of cocaine, which the informant sampled. The informant then accompanied Conejo to his vehicle to see the other four bricks of cocaine. After he saw the cocaine, the informant gave the signal for Conejo and his co-defendants to be arrested. Conejo was charged with the

2

federal offenses of conspiracy to possess five kilograms of cocaine with intent to distribute and possession of five kilograms of cocaine with intent to distribute. At Conejo's guilty plea hearing, presentation of the factual basis for the plea was deferred until sentencing. Subsequently, the laboratory report on the seized cocaine disclosed that the total net weight of the cocaine was 4.99 kilograms.

Conejo's recommended advisory guideline range was 63-78 months. Based on the lab report, Conejo refused to stipulate that he should be held responsible for five kilograms of cocaine. However, the district court found that Conejo was liable for five kilograms because the defendants had negotiated to sell that amount and had delivered five bricks of cocaine, each purportedly weighing one kilogram. The court consequently imposed a sentence of 120 months for each count, the statutory minimum sentence under § 841(b)(1)(A) for an offense involving five kilograms of cocaine, stating that "[i]t is a sentence required by law, the court has no discretion in imposing it." On appeal, Conejo contends that the factual basis was inadequate to establish that he committed an aggravated drug trafficking offense involving five kilograms of cocaine, thus punishable under § 841(b)(1)(A), for either count because he did not admit his personal involvement with five kilograms of cocaine and

3

because the district court gave insufficient consideration to the lab report.

Prior to "entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). It is "well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea . . . ." United States v. Mitchell, 104 F.3d 649, 652 n.2 (4th Cir. 1997). A district court's finding of a factual basis for a guilty plea is reviewed for abuse of discretion. United States v. Martinez, 277 F.3d 517, 531 (4th Cir. 2002). There is no abuse "so long as the district court could reasonably determine that there was a sufficient factual basis." Id.

"To prove conspiracy to possess cocaine with intent to distribute, the Government must establish: (1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of this conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Wilson, 135 F.3d 291, 306 (4th Cir. 1998). Here, Conejo did not dispute the fact that the object of the conspiracy was a sale of five kilograms of cocaine.

Under 21 U.S.C. § 846, the sentences for drug conspiracies are set out in § 841(b), which "creates a

4

three-part graduated penalty scheme for drug distribution offenses, premised on the type and quantity of the drugs involved." United States v. Brooks, 524 F.3d 549, 557 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008). We held in Brooks that "'specific threshold drug quantities must be treated as elements of aggravated drug trafficking offenses, rather than as mere sentencing factors.'" Id. (quoting United States v. Promise, 255 F.3d 150, 156 (4th Cir. 2001)). Thus, the specific threshold drug quantity generally must be proved beyond a reasonable doubt or admitted by the defendant. Brooks, 524 F.3d at 556-57. The specific threshold quantity of cocaine required for a sentence under § 841(b)(1)(A) is five kilograms.

However, for a conspiracy offense, the defendant's agreement to commit a crime involving a specific amount is the essential element that must be proved to trigger a statutorily enhanced sentence, not whether the agreed-upon conduct was actually completed. See United States v. Dixon, 449 F.3d 194, 202 (1st Cir. 2006) ("factual impossibility is not a defense to either liability or sentencing enhancements for inchoate offenses such as conspiracy or attempt"); United States v. Hamrick, 43 F.3d 877, 885 (4th Cir. 1995) (attempt). However, for the statutory minimums of § 841(b) to apply, the particular threshold drug amount must be reasonably foreseeable to the defendant. Brooks, 524 F.3d at 558. Here, we are satisfied

5

that the district court did not err in finding that Conejo agreed to distribute five kilograms of cocaine and that it was reasonably foreseeable to him that the five bricks weighed five kilograms, even though they actually weighed slightly less.

For guideline purposes, Conejo was responsible for five kilograms of cocaine on Count One. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (when offense involves agreement to sell drugs, agreed-upon quantity is used to determine offense level unless amount delivered more accurately reflects scale of offense). Therefore, the probation officer correctly calculated the advisory guideline range at 63-78 months. However, because Conejo was subject to a mandatory minimum sentence of ten years, the guideline range increased to 120 months. USSG § 5G1.1(b) (2006).

For Count Two, which charged that Conejo possessed five kilograms of cocaine with intent to distribute, the government concedes that the specific threshold drug quantity needed to trigger a sentence under § 841(b)(1)(A) was not present, and we agree. Thus, for Count Two, the default penalty subsection of § 841(b)(1)(C) applied, which sets only a statutory maximum of twenty years. Brooks, 524 F.3d at 561.

We therefore affirm the judgment on Count One, but vacate the judgment on Count Two and remand for resentencing on that count. We dispense with oral argument because the facts

6

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART