**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4568**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

VINCENT ANTA MYERS,

              Defendant - Appellant.

───────────

**No. 11-4583**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

VINCENT MYERS,

              Defendant - Appellant.

───────────

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:10-cr-00093-1; 3:01-cr-00099-1)

───────────

Submitted:  January 18, 2012      Decided:  February 14, 2012

───────────

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Carl E. Hostler, PRIM LAW FIRM, PLLC, Hurricane, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Vincent Myers appeals his conviction and forty-one-month sentence on federal drug charges (No. 11-4568); and the revocation of his supervised release from a prior federal sentence, and resulting thirty-six-month sentence (No. 11-4583). Because Myers' brief raises no challenges to the supervised release revocation or sentence, he has abandoned any such claims. See United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008). We therefore affirm the district court's judgment in No. 11-4583, and proceed to consideration of the claims raised in No. 11-4568.

A jury convicted Myers of two counts of distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006),[*] and the district court imposed concurrent forty-one-month sentences of imprisonment. The charges stemmed from controlled buys conducted by police in West Virginia. Myers challenges: (1) the district court's denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal, (2) the district court's denial of his Fed. R. Crim. P. 33 motion for a new trial, and (3) the propriety of the sentence. We affirm.

We review de novo a district court's decision to deny a Rule 29 motion for a judgment of acquittal. United States v.

_____

[*] The jury acquitted Myers of a third count.

3

Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010), cert. denied, 132 S. Ct. 469 (2011). Where such a motion alleges insufficiency of the evidence, we must sustain the jury's verdict if, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 271, 340 (2010). Because the credibility of witnesses is properly assessed by the jury, we may not make our "own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir.) (internal quotation marks and alteration omitted), cert. denied, 132 S. Ct. 564 (2011).

To convict Myers of violating 21 U.S.C. § 841(a)(1), the Government was required to prove that (1) he knowingly or intentionally distributed oxycodone, and (2) he knew that the drug "was a controlled substance under the law." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (internal quotation marks omitted).

Two law enforcement officers and an informant offered substantially similar accounts of the controlled buys supporting the charges against Myers, with the informant stating unequivocally that he purchased all of the oxycodone in question

4

from Myers. These accounts were supported, at least in part, by the recordings captured by a concealed device carried by the informant during each controlled buy. Additionally, Myers indicated his awareness of the fact that oxycodone is a prescription drug.

Moreover, the fact that the jury acquitted Myers of one count does not undermine the validity of his convictions on the remaining counts. See Green, 599 F.3d at 368-69. Accordingly, we find no error in the district court's denial of Myers' Rule 29 motion.

Next, we conclude that the district court did not err in denying Myers' Fed. R. Crim. P. 33 motion for new trial. We review such a ruling for abuse of discretion. United States v. Lighty, 616 F.3d 321, 374 (4th Cir. 2010). Myers asserts that a new trial was appropriate due to the bias of the informant and the fact that the recording of each controlled buy was obtained in violation of the West Virginia Constitution. See State v. Mullens, 650 S.E.2d 169, 173-78, 191 (W. Va. 2007).

Regarding the recordings, federal statutory and constitutional law permit law enforcement officials to place an electronic surveillance device on a consenting informant for purposes of recording communications with third-party suspects without a warrant or other judicial authorization. 18 U.S.C. § 2511(2)(c) (2006); United States v. White, 401 U.S. 745, 749-

5

52 (1971) (plurality opinion). Accordingly, as the district court determined, the admission of the recordings at Myers' trial was proper and did not warrant a new trial. See United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998).

The same is true for the alleged bias of the informant. "A jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006) (internal quotation marks omitted). Here, audio recordings and the testimony of two police officers substantially corroborated the informant's account of the controlled buys. Accordingly, we find no abuse of discretion in the district court's denial of Myers' Rule 33 motion.

Finally, we reject Myers' challenge to the substantive reasonableness of his sentence. We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In considering substantive reasonableness, we must take into account the "totality of the circumstances." Id. When, as here, a sentence is within a properly determined advisory Guidelines range, we presume that it is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Myers claims that the district court erred in refusing to reduce his sentence based on the fact that he previously served a sentence for a federal crack cocaine offense, imposed before the sentencing reforms effected by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Furthermore, Myers suggests that the district court should have reduced his sentence based on the informant's admittedly inconsistent statements regarding the total quantity of oxycodone he purchased from Myers.

We conclude these arguments are not sufficient to rebut the presumption of reasonableness we accord to Myers' within-Guidelines sentence. The district court, upon assessing the informant's evidence concerning drug quantity, attributed to Myers a relatively conservative amount that is justified by the record. Further, the court made a thorough assessment of the facts and § 3553(a) factors in announcing a sentence at the top of the applicable Guidelines range. Therefore, this claim warrants no relief.

We affirm Myers' conviction and sentence in No. 11-4568, and the revocation of supervised release and sentence in No. 11-4583. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

7

before the court and argument would not aid the decisional process.

AFFIRMED