**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4688**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

CHARLIE EMANUEL,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:10-cr-00307-JRS-2)

———————

Submitted: May 10, 2012          Decided: May 29, 2012

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Horace F. Hunter, HUNTER & LIPTON, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, N.G. Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlie Emanuel appeals the sixty-month sentence imposed following his jury convictions of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count Six); two counts of possession with intent to distribute and to distribute cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C. § 841(a)(1) (Counts Seven and Eight); and distribution of cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) (Count Nine). On appeal, Emanuel argues that there was insufficient evidence to support his convictions. Finding the evidence to be sufficient, we affirm.

We review challenges to the sufficiency of the evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert. denied, 131 S. Ct. 617 (2010). We will uphold the jury verdict "if there is substantial evidence, viewed in the light most favorable to the Government, to support it." United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). In resolving issues

2

of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility and must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008).

To obtain a conviction for a drug conspiracy, the Government must prove the following elements: (1) an agreement between two or more people to distribute the drug or possess it with the intent to distribute; (2) the defendant's knowledge of the conspiracy; and (3) his knowing, voluntary participation in the conspiracy. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). A defendant may be convicted of conspiracy without knowing all of its details and even if he plays only a minor role. Id. at 367-68; United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

To establish possession with intent to distribute, the Government must show "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was

3

concealed." United States v. Herder, 594 F.3d 352, 358 (4th Cir. 2010).

To establish an aiding and abetting charge under 18 U.S.C. § 2, "the [G]overnment must show that the defendant knowingly associated himself with and participated in the criminal venture." United States v. Kingrea, 573 F.3d 186, 197 (4th Cir. 2009). "To be convicted of aiding and abetting, participation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983) (internal quotation marks and alteration omitted).

Finally, to establish distribution in violation of 21 U.S.C. § 841(a)(1), the Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally distributed a controlled substance. United States v. Yearwood, 518 F.2d 220, 227 (4th Cir. 2008).

We have reviewed the record and conclude that the evidence was sufficient to support the jury's determination of guilt beyond a reasonable doubt on all four counts. The evidence showed that Emanuel opened up his home for drug transactions, acted as a middleman in contacting dealers for customers, and was present for and participated in the transactions. Although Emanuel testified to the contrary, we

4

will not second-guess the jury's credibility determinations.  See Brooks, 524 F.3d at 564.

Thus, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED