<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4885**

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

      v.

ROBIN EARL SLATER,

           Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:12-cr-00121-1)

Submitted: June 30, 2014         Decided: July 8, 2014

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Meredith George Thomas, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Earl Slater pleaded guilty to conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2012); possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012); possession of firearms by a felon, in violation of 18 U.S.C. § 922(g) (2012); and obstruction of justice, in violation of 18 U.S.C.A. § 1512(b)(3) (West Supp. 2014). The district court sentenced Slater to a total of 420 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Slater challenges the district court's calculation of the drug weight and application of an enhancement under the Sentencing Guidelines for Slater's possession of eight firearms during the offenses. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Manigan, 592 F.3d at 631 (internal quotation marks and citation omitted).

Moreover, the government need only establish the amount of drugs involved by a preponderance of the evidence.

2

United States v. Brooks, 524 F.3d 549, 560 n.20, 562 (4th Cir. 2008). "[W]here there is no drug seizure or the amount of drugs seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (internal quotation marks omitted). We will afford the district court "broad discretion as to what information to credit in making its calculations." United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996) (internal quotation marks and citation omitted).

Finally, pursuant to the Sentencing Guidelines, a district court shall increase the offense level applicable to the offense of unlawful possession of firearms by two levels if the defendant possessed between three and seven firearms, and by four levels if the defendant possessed between eight and twenty-four firearms. USSG § 2K2.1(b)(1)(A), (B). We have thoroughly reviewed the record and conclude that the district court did not err in calculating the advisory Guidelines range. The court reasonably estimated the amount of drugs attributable to Slater over the course of the conspiracy and correctly enhanced the offense level for the firearm offense for Slater's possession of eight firearms.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>