**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-5095**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOHN E. SAUNDERS, JR.,

            Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:05-cr-00309-REP-1)

---

Submitted:  July 15, 2008               Decided:  July 29, 2008

---

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mary K. Martin, Hopewell, Virginia, for Appellant. Chuck Rosenberg,
United States Attorney, Angela Mastandrea-Miller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John E. Saunders, Jr., appeals his convictions following a jury trial for possession of a firearm by a convicted felon and a person previously convicted of a domestic violence offense, in violation of 18 U.S.C.A. § 922(g)(1), (9) (2000), and for possession of heroin, in violation of 21 U.S.C.A. § 844 (West 1999 & Supp. 2008). Saunders argues that the evidence was insufficient for the jury to conclude he constructively possessed the firearm and drugs found under the driver's seat of his car. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en

banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008).

Our review of the record reveals that the jury was entitled to conclude Saunders constructively possessed the firearm and the drugs. In particular, Saunders' movements just prior to pulling his car to the side of the road, his proximity to the items, and his inconsistent statements all supported the jury's determination that Saunders possessed the contraband, despite his assertions to the contrary. The credibility issues Saunders raises are classic jury determinations, which are unreviewable on appeal. Burgos, 94 F.3d at 863. Viewing the evidence in the light most favorable to the government, a reasonable trier of fact could have found that Saunders possessed the firearm and the drugs at issue.

Accordingly, we affirm Saunders' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED