**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5133**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLTON RAMA COLTRANE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:08-cr-00214-LO-1)

Submitted:  July 8, 2009                  Decided:  July 16, 2009

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Patricia T. Giles, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Rama Coltrane appeals his conviction by a jury of three charges: conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2006); armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (2006); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006).

On appeal, Coltrane argues that the district court erred in denying his motion for a judgment of acquittal on the three charges because the evidence was insufficient to sustain the jury's verdict. Coltrane does not dispute that an armed bank robbery took place in Alexandria, Virginia, on December 29, 2007; he simply argues that he did not participate with co-defendant Amobi Agu. This court reviews de novo a district court's denial of a motion for a judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, the court is obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a

defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting Burgos, 94 F.3d at 862). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In evaluating the sufficiency of the evidence, we do not assess the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

In order to establish a violation of 18 U.S.C. § 371, the Government must prove there was an agreement between two or more people to commit a crime and an overt act in furtherance of the conspiracy. United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997). Coltrane's co-defendant, Agu, testified that the pair planned, prepared and executed the robbery, with Coltrane serving as the lookout during the crime. At trial, two eyewitnesses testified about Coltrane's appearance at the bank and a DNA expert testified that a hair sample consistent with

3

Coltrane's was found on a discarded sweatshirt that matched the sweatshirt worn by Agu's accomplice.  The evidence at trial thus was substantial.

To prove armed bank robbery, the government must prove:  (1) the defendant took money belonging to a bank, (2) by using force, violence or intimidation, (3) the bank's deposits were federally insured, and (4) in committing the offense, the defendant put a person's life in jeopardy by the use of a dangerous weapon.  See United States v. Davis, 437 F.3d 989, 993 (10th Cir. 2006).  With respect to this charge, Coltrane does not challenge the elements of the crime; rather, he claims the evidence is insufficient to prove his participation.  But, for the reasons stated above, we find his arguments unavailing.

The third charge, use of a firearm during a crime of violence, requires the government to prove that the defendant used a firearm, and the defendant did so during and in relation to a crime of violence.  Coltrane concedes that if the evidence was sufficient to prove armed bank robbery it was also sufficient to prove this charge.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4