<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5031**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RANDY LEON DEAL,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:06-cr-00044-RLV-CH-11)

_____

Submitted:  October 16, 2009        Decided:  November 6, 2009

_____

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.   Edward R. Ryan, Acting United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Leon Deal was indicted, along with others, in a twenty-four count indictment. Count One charged Deal with conspiring to possess with intent to distribute at least fifty grams of methamphetamine and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). Counts Three and Four charged Deal with possession with intent to distribute at least fifty grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). At the conclusion of his jury trial, Deal was convicted on all three counts. The district court sentenced Deal to 121 months' imprisonment on each count, to be served concurrently. On appeal, Deal claims the sentencing court held him responsible for more methamphetamine than that permitted by the indictment and that the court erred in denying a sentence reduction under the "safety valve" provision. See 18 U.S.C. § 3553(f) (2006); U.S. Sentencing Guidelines Manual § 5C1.2 (2007). Finding no error, we affirm.

Deal first claims that the wording in the indictment of "at least" an enumerated quantity of methamphetamine, or a substance containing a detectable amount of methamphetamine, limits the quantities he could have been held responsible for at

2

sentencing. According to Deal, the phrasing of the jury verdict form listing an enumerated quantity "or more" of methamphetamine, or a substance containing a detectable amount thereof, subjected him to a greater punishment than the indictment permitted, in contravention of United States v. Collins, 415 F.3d 304, 312-13 (4th Cir. 2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

Deal's argument is without merit. Deal essentially claims that the phrase "at least" in the indictment means "not more than." However, "at least x grams" in the indictment is synonymous with "x grams or more" as presented in the jury verdict form. The verdict form properly alleged the statutory threshold drug quantities, see 21 U.S.C. § 841(b)(1)(A)(viii), (b)(1)(B)(viii), and the district court permissibly found, within the relevant statutory range, that Deal was responsible for 1.5 kilograms of methamphetamine. See United States v. Collins, 415 F.3d at 313-14 (noting jury's responsibility to determine specific statutory threshold drug quantity attributable to defendant); see also United States v. Brooks, 524 F.3d 549, 562 (4th Cir.) (noting sentencing court is entitled to find individualized drug quantities by a preponderance of evidence as part of its calculation of an advisory Guidelines range, so long as its resulting sentence is

within the relevant statutory range), cert. denied, 129 S. Ct. 519 (2008).

Deal next argues that the district court erred in not applying the 18 U.S.C. § 3553(f) safety valve provision based on a letter he wrote in which he claimed he joined the conspiracy only because he was threatened by a co-conspirator. A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review permits reversal only if this court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). We have reviewed the record and conclude that the district court did not clearly err in finding that Deal did not qualify for the safety valve provision because he was not truthful concerning his role in the offense.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4