**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4369**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TAMAURIUS LEE ALLEN,

                Defendant – Appellant.


_____

**No. 09-4773**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

THOMAS AVERY ALLEN, JR.,

                Defendant – Appellant.


_____

Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00409-NCT-1; 1:07-cr-00409-NCT-2)

_____

Submitted:  October 6, 2010      Decided:  December 2, 2010

_____

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

J. Clark Fischer, RANDOLPH AND FISCHER, ATTORNEYS, Winston-Salem, North Carolina; Brian M. Aus, Durham, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Graham T. Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tamaurius Lee Allen and Thomas Avery Allen, Jr. were convicted after a jury trial of various drug-related offenses and sentenced to 150 months' imprisonment and 360 months' imprisonment, respectively. On appeal, Tamaurius challenges only his convictions while Thomas challenges his convictions and sentence. We affirm.

I.

Tamaurius was convicted of distribution of 26.1 grams of cocaine base (Count One); distribution of 38.5 grams of cocaine base (Count Two); and possession with intent to distribute 40.1 grams of cocaine base (Count Four); all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Thomas was convicted of distribution of 63.4 grams of cocaine base (Count Five); and distribution of 61.0 grams of cocaine (Count Six); both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Both brothers were convicted of distribution of 40.4 grams of cocaine base and aiding and abetting (Count Three), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (2006). Prior to trial, the Government filed informations of prior felony drug convictions pursuant to 21 U.S.C. § 851 (2006), as to each defendant.

3

On appeal, Tamaurius contends that during the trial the district court incorrectly admitted evidence that, prior to the first drug transaction, a detective conducted surveillance of the area and observed drug activity. Tamaurius contends that this evidence was inadmissible under Federal Rules of Evidence 401 and 403. We review the district court's evidentiary rulings for abuse of discretion. United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007), and we will not "'vacate a conviction unless we find that the district court judge acted arbitrarily or irrationally' in admitting evidence." United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008) (quoting United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993)).

Rule 401 provides for the admission of "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "[R]elevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). Thus, evidence is relevant if it is "worth consideration by the jury" or has a "plus value." United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (internal quotation marks omitted).

Rule 403 provides a "more limited bar to otherwise admissible evidence." United States v. Basham, 561 F.3d 302,

4

326 (4th Cir. 2009), cert. denied, 130 S. Ct. 3353 (2010). The rule "only requires suppression of evidence that results in unfair prejudice — prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks omitted).

The district court did not abuse its discretion in admitting the challenged evidence. First, the evidence, which was essentially background in nature and served to explain the detective's further surveillance and undercover operation, was clearly relevant. See Fed. R. Evid. 401 advisory committee's note ("Evidence which is essentially background in nature can scarcely be said to involve the disputed matter, yet it is universally offered and admitted as an aid to understanding").

Moreover, the district court did not abuse its discretion in admitting the evidence under Rule 403. The testimony did not contain any allegations that the detective saw Tamaurius or Thomas selling drugs prior to the beginning of the undercover operation. Accordingly, it cannot be said that any risk of unfair prejudice substantially outweighed the testimony's probative value.

Thomas first challenges the sufficiency of the evidence on Counts Five and Six. We will sustain a guilty verdict if, viewing the evidence in the light most favorable to the Government, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "[S]ubstantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. at 862. In our review, we "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and we assume that the fact finder resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008). "[A]s a general proposition, circumstantial evidence may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (alteration and quotation marks omitted). Having reviewed the record in light of this standard, we conclude that the verdicts on Counts Five and Six were supported by adequate evidence.

Thomas next argues that the district court committed two reversible errors during his sentencing proceeding. In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," this court applies a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This court first "ensure[s] that the district court committed no significant procedural error." Id. at 51. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51).

Procedural errors may include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

Thomas argues that the district court committed procedural error by failing to recognize its ability to vary his sentence downward based on his diminished capacity and the crack-to-powder cocaine sentencing disparity. We conclude that the district court did not commit reversible procedural error in

7

either respect. First, the district court engaged Thomas's counsel at length before ultimately concluding no variance was warranted based on Thomas's alleged diminished capacity. The district court began its statement of reasons by noting that it had the freedom to vary from the Guidelines range, but recognized that it must have a reason to vary. The district court noted that mental capacity was a factor under § 3553(a) but that, in this case, it was "not in a position" to grant a downward variance because, although Thomas had a low IQ score from his youth, he also admitted to extensive drug use during his formative years. The district court further noted that Thomas, when he was in prison and not using drugs, was able to get his GED, which suggested that "when you are not using drugs, you can do pretty good stuff." This thoughtful discussion is exactly what Gall requires, and the court did not commit procedural error in denying a downward variance based on Thomas's diminished capacity.

Likewise, the district court did not commit procedural error in refusing to vary from the crack/powder ratio applicable to Thomas. In this case, the district court specifically recognized its authority to vary from the 20:1 ratio in Thomas's case but simply declined to exercise that authority. Accordingly, the district court did not commit procedural error. See United States v. Caldwell, 585 F.3d 1347, 1355 (10th Cir.

8

2009) (upholding district court's decision not to vary from crack/powder ratio because "[n]othing in Kimbrough [v. United States, 552 U.S. 85 (2007)] mandates that a district court reduce a defendant's sentence in order to eliminate the crack/powder sentencing disparities").

For the foregoing reasons, we affirm the convictions and sentences of Tamaurius Lee Allen and Thomas Avery Allen, Jr. We grant Thomas's motion to file a pro se supplemental brief. We have considered the arguments asserted in the pro se brief and conclude that they are without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED