**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4365**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

MICHAEL ANTHONY CORNWELL,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00216-RJC-3)

Submitted: March 8, 2011          Decided: March 21, 2011

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Cornwell appeals his conviction and 180-month sentence for two counts of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2006) ("Counts One and Four"), and two counts of possession with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2006), (b)(1)(B) ("Counts Two and Five"). On appeal, he argues that (1) there was insufficient evidence to sustain his convictions; (2) his Sixth Amendment rights were violated when he was sentenced based on a higher drug quantity than found by the jury; and (3) his Fifth Amendment rights were violated when the district court allowed the prosecutor to show video footage of his arrest and comment on his demeanor. Finding no reversible error, we affirm.

Cornwell first contends that there was insufficient evidence to support his convictions and that the district court should have granted his motion for acquittal. We review a district court's denial of a Fed. R. Crim. P. 29 motion for acquittal de novo. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). We will uphold a jury's verdict "if, viewing the evidence in the light most favorable to

the government, it is supported by substantial evidence." Reid, 523 F.3d at 317. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). In resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

To prove the conspiracy charged in Counts One and Four, the Government was required to establish: "(1) an agreement to possess with intent to distribute cocaine base existed between two or more persons; (2) [Cornwell] knew of the conspiracy; and (3) [Cornwell] knowingly and voluntarily became part of the conspiracy." Reid, 523 F.3d at 317. Evidence of a buy-sell transaction involving a substantial quantity of drugs, repeated transactions, and continuing relationships can support a finding of a conspiracy. Id. (citing United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996); United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993)). "[T]he testimony of a

3

defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction." United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). To prove possession with the intent to distribute, the Government was required to prove "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." See United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009).

Cornwell was arrested while participating in a cocaine transaction with a confidential informant to whom he had sold cocaine several times. The jury heard testimony from several of Cornwell's accomplices that he engaged in repeated cocaine transactions, was owed large sums of money, and patterned his sales similarly to the incident leading to his arrest. Additionally, evidence of cocaine residue was found in Cornwell's personal business. We hold that this evidence was sufficient to support the jury's verdict.

Cornwell next argues that the district court violated his Sixth Amendment rights when it sentenced him based on a higher drug quantity than found by the jury. We review legal questions that arise from the imposition of a sentence de novo. United States v. Caplinger, 339 F.3d 226, 235 (4th Cir. 2003). A judge does not violate the Sixth Amendment by finding facts during sentencing. United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). "Sentencing judges may find facts relevant to

4

determining a Guidelines range by a preponderance of the evidence, so long as the Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." Id.

Here, the district court did not err in finding Cornwell responsible for a larger volume of cocaine by a preponderance of the evidence. Moreover, Cornwell's 180-month sentence for his drug offenses was within the statutory maximum, see 21 U.S.C. § 841(b)(1)(B), and there is no indication in the record that the district court considered the Guidelines to be mandatory. Accordingly, we hold that Cornwell's Sixth Amendment rights were not violated.

Lastly, Cornwell argues that the district court violated his Fifth Amendment rights when it admitted video footage of his silence when he was arrested and allowed counsel for the Government to comment on it during closing argument. Because Cornwell did not object to the videotape or comments at trial, his claim is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731 (1993). Thus, we will affirm the district court's judgment unless there is error that is plain and affects Cornwell's substantial rights. Fed. R. Crim. P. 52(b).

Evidence that a defendant remained silent at the time of arrest but before receiving Miranda[*] warnings is admissible at trial. United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985). Because Cornwell had not received Miranda warnings at the time the video was recorded, we hold that the district court did not violate Cornwell's Fifth Amendment rights by allowing the prosecution to show the video and comment on it.

Accordingly, we affirm the district court's judgment. Consequently, we deny Cornwell's motions to file a pro se supplemental brief and to hold the case in abeyance to allow him to file a pro se reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Miranda v. Arizona, 384 U.S. 436 (1966).