**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4574**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

CARLOS BLADIMIR MONTOYA, a/k/a Ciego,

                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:09-cr-00247-CMH-1)

Submitted:  April 26, 2011            Decided:  May 9, 2011

Before GREGORY, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., Charles Lustig, SHUTTLEWORTH, RULOFF, SWAIN HADDAD & MORECOCK, P.C., Virginia Beach, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Morris R. Parker, Jr., Rebeca H. Bellows, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Bladimir Montoya appeals his conviction and life-plus-120-month sentence, following a jury trial, for one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (2006) ("Count One"), one count of aiding and abetting murder in aid of racketeering, in violation of 18 U.S.C. §§ 2, 1959(a)(1) (2006) ("Count Two"), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924 (2006) ("Count Three"). On appeal, Montoya argues that (1) there was insufficient evidence to support his convictions on Counts One and Two; (2) the district court erred in denying his Batson v. Kentucky, 476 U.S. 79 (1986), challenge; (3) the district court erred in declining to give a perjury instruction; and (4) the district court erred in ordering his sentence on Count Three to run consecutively. Finding no reversible error, we affirm.

I.

We review a district court's denial of a Fed. R. Crim. P. 29 motion for acquittal de novo. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). We will

2

uphold a jury's verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." Reid, 523 F.3d at 317. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). In resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

To prove that Montoya violated 18 U.S.C. § 1959(a)(5), the Government had to establish that he agreed with others to commit a murder "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a); see United States v. Basciano, 599 F.3d 184, 198-99 (2d Cir. 2010).

To prove that Montoya violated 18 U.S.C. § 1959(a)(1), the Government had to show that there was: "(1) an enterprise engaged in racketeering activity, (2) murder or aiding and abetting another person in murdering, and (3) murder undertaken

3

for the purpose of gaining entrance into or maintaining the defendant's position in the enterprise, or in exchange for anything of pecuniary value." United States v. Johnson, 219 F.3d 349, 358 n.7 (4th Cir. 2000). "A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (internal quotation marks omitted); see 18 U.S.C. § 2(a). To prove association, the government need only establish that the defendant was "cognizant of the principal's criminal intent and the lawlessness of his activity." Burgos, 94 F.3d at 874. "[P]articipation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." Untied States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983) (internal quotation marks omitted).

Here, Montoya concedes that the evidence presented at trial was sufficient to establish his gang membership and his presence at the murder; he contests only whether the evidence was sufficient to show that he shared the intent to commit murder. At trial, however, two police officers testified that Montoya implicated himself during two interviews, and one of the other gang members testified that Montoya was involved in planning the murder, drove the others to the site of the murder,

4

and participated in celebrating the murder after its commission. Accordingly, we hold that the evidence presented at trial was sufficient to support Montoya's convictions on Count One and Two.

## II.

We review a district court's denial of a Batson challenge for clear error, giving "great deference" to the court's finding. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). The Equal Protection Clause forbids the use of a peremptory challenge for a racially discriminatory purpose. Batson, 476 U.S. at 86. Courts employ a three-step process to determine whether a peremptory strike was racially motivated:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

Hernandez v. New York, 500 U.S. 352, 358-59 (1991) (internal citations omitted).

Here, Montoya – an Hispanic male – objected to the striking of one of three Hispanics on the venire panel. The district court credited the Government's reasons as legitimate and nondiscriminatory and found that Montoya failed in his

burden to prove intentional discrimination. Because the Government's rationale was race-neutral and Montoya's allegation that the Government's reasons are strongly suggestive of pretext is insufficient to show that they were actually pretextual, we hold that the district court did not clearly err in denying Montoya's Batson challenge.

III.

We review for abuse of discretion a district court's refusal to give a requested jury instruction. United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006). "[This Court] review[s] a jury instruction to determine 'whether, taken as a whole, the instruction fairly states the controlling law.'" United States v. Moye, 454 F.3d 390, 397-98 (4th Cir. 2006) (en banc) (quoting United States v. Cobb, 905 F.2d 784, 789 (4th Cir. 1990)). A court's refusal to give a requested instruction is reversible error if the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks omitted).

Here, Montoya contends that the district court erred when it refused to instruct the jury on perjury where a testifying gang member admitted to lying at his own guilty plea hearing. The district court, however, found that such an instruction was inappropriate because the witness had not been found guilty of perjury. Even if the witness had perjured himself, we conclude that the district court's credibility instruction substantially covered the issue. The court gave extensive instructions on witness credibility. See United States v. Gray, 137 F.3d 765, 774 (4th Cir. 1998). Moreover, the court's refusal to give a perjury instruction did not impair Montoya's ability to put on a defense, as defense counsel aggressively challenged the witness's credibility on cross-examination. Thus, we hold that the district court did not commit reversible error in declining to give a perjury instruction.

IV.

Finally, Montoya contests his consecutive 18 U.S.C. § 924(c) sentence on Count Three. Montoya's argument is foreclosed by an authoritative decision recently announced by the Supreme Court. See Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding that a defendant is subject to a mandatory consecutive sentence under § 924(c) and that a defendant is not

7

spared from that sentence by virtue of receiving a higher mandatory minimum sentence on a different count of conviction). Therefore, as Montoya concedes, this claim fails.

V.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8