**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4552

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARVIN DAMION HURLEY,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:10-cr-00052-JPB-DJJ-1)

Submitted:  October 27, 2011        Decided:  November 17, 2011

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas  J.  Compton,  Assistant  Federal  Public  Defender,
Martinsburg,  West  Virginia,  for  Appellant.    William  J.
Ihlenfeld,  II,  United  States  Attorney,  Erin  K.  Reisenweber,
Assistant  United  States  Attorney,  Martinsburg,  West  Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Marvin Damion Hurley was convicted of one count of interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2) (2006). On appeal, Hurley claims the following: (1) the evidence was insufficient to support the conviction and (2) the district court erred in admitting evidence of a prior bad act, admitting evidence of a threatening statement and denying Hurley's request to admit evidence of the victim's violent nature as evidence of habit. Finding no error, we affirm.

A person is guilty of interstate domestic violence if the Government proves beyond a reasonable doubt that the person:

> cause[d] a spouse, intimate partner, or dating partner to travel in interstate or foreign commerce or to enter or leave Indian country by force, coercion, duress, or fraud, and who, in the course of, as a result of, or to facilitate such conduct or travel, commits or attempts to commit a crime of violence against that spouse, intimate partner, or dating partner[.]

18 U.S.C. § 2261(a)(2) (2006). In this instance, the trial evidence showed that Hurley used physical force to prevent his wife from leaving him during an automobile trip from West Virginia to Maryland.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)

2

(internal quotation marks omitted).  A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006).  Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted).  The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).  In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

Hurley contends the evidence was insufficient to show that he committed a crime of violence against his wife.  We note that the statute requires either evidence of a crime of violence or an attempt to commit such an offense.  We have reviewed the

3

record and find that his wife's testimony, which was corroborated in part by Sergeant Manning, clearly established Hurley engaged in an act of violence against his wife in order to get her back into the car to continue the trip into Maryland. Although Hurley completely denied that he engaged in anything approaching a violent act against his wife, the jury obviously decided that his wife was a more credible witness. It is well established that credibility determinations are within the sole province of the jury and are not reviewable. See United States v. Kelly, 592 F.3d 586, 594 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010).

This court reviews for abuse of discretion the court's rulings on the admissibility of evidence. United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). Hurley challenges the district court's decision to admit evidence showing that just a week or two before the incident at issue, he took a similar trip with his wife under the guise of visiting his father, but stopped instead at a house where there was cocaine. He claims the evidence was not relevant to any issue at trial and its probative value was outweighed by the danger of unfair prejudice.

We conclude that the district court did not abuse its discretion in admitting the evidence as intrinsic to the charged offense because it was part of the story of what happened during

4

the night in question.  See United States v. Kennedy, 32 F.3d 876, 885-86 (4th Cir. 1994).  The evidence showed why Hurley's wife called his father on the night in question in order to find out if he was expecting them.  It was this telephone call that led to their first fight in the car on the way to Maryland.  It also showed why Hurley's wife was reluctant to go on the trip in the first place.

We note that the district court gave a very specific limiting instruction to the jury regarding how it was to consider this evidence.  Rule 403 of the Federal Rules of Evidence provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  The damage that probative evidence can inflict on a defendant's case is no basis for excluding the evidence, however; only when that evidence results in unfair prejudice, such as an appeal to the jury's emotion, and that prejudice "*substantially* outweighs the probative value of the evidence," must it be excluded.  United States v. Basham, 561 F.3d 302, 327 (4th Cir. 2009).  Where the jury is given a limiting instruction, any concern that the jury will improperly use the evidence subsides.  United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2008).  Based on the court's limiting instruction, we conclude the evidence was properly admitted.

Hurley also contends that the district court erred in admitting testimony indicating that Hurley told a fellow prisoner that regardless of whether he was found guilty or not, he would kill his wife and her boyfriend. This court has held that threats against an actual witness are admissible because the evidence exposes the defendant's consciousness regarding his belief that his case is weak or unfounded and shows consciousness of guilt. See United States v. Young, 248 F.3d 260, 272 (4th Cir. 2001). The evidence must relate to the charged offense and be reliable. Id. We conclude that the district court did not clearly err in finding that the proposed evidence was both reliable and related to the charged offense. We further conclude that the court's limiting instruction regarding the use of this evidence limited the danger that the evidence's probative value was substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403.

Hurley also argues that the district court erred by not allowing him to present evidence of his wife's habitual violent nature. Under Rule 406 of the Federal Rules of Evidence, habit evidence may be admissible to prove that the conduct of a person was in conformity with habit or routine practice. See, e.g., Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 511 (4th Cir. 1977). Here, the proffered instances of prior conduct was simply too few and far between to show that

Hurley's wife had a habit of reacting violently to a repeated set of circumstances.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>