**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4523

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ERRICK REDMOND,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00271-FDW-1)

Submitted:  August 15, 2011          Decided:  January 9, 2012

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann L. Hester, Assistant Federal Public Defender, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Errick Redmond appeals from an amended judgment convicting him of two counts of wire fraud, in violation of 18 U.S.C. § 1343 (2006).[*] The trial evidence showed that Redmond directed that funds from a construction loan be loaned to an associate with the expectation that he would receive a large return. Redmond contends the evidence was insufficient to show that he knew that the funds from the construction loan were not to be used for such purposes without the consent of the lending company. Reviewing the evidence in the light most favorable to the Government, as we must, see Glasser v. United States, 315 U.S. 60, 80 (1942), we conclude the evidence was sufficient to support the convictions and affirm.

This court reviews a district court's denial of a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A jury's verdict "must be sustained if there is substantial evidence . . . to support it." Glasser, 315 U.S. at 80. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430

---

[*] The amended judgment was entered after this court granted the parties' joint motion to remand for resentencing.

2

F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted).  This court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).  In evaluating sufficiency of the evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear," United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

Wire fraud under 18 U.S.C. § 1343 has "two essential elements:  (1) the existence of a scheme to defraud and (2) the use of . . . wire communication in furtherance of the scheme." United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006).  The scheme to defraud "can be in the form of an assertion of a material falsehood with the intent to deceive or active concealment of a material fact with the intent to deceive." United States v. Pasquantino, 336 F.3d 321, 333 (4th Cir. 2003) (en banc).  To establish a scheme to defraud, the Government must prove beyond a reasonable doubt that Redmond acted with the specific intent to defraud, which "may be inferred from the totality of the circumstances and need not be proven by direct

3

evidence." <u>United States v. Ham</u>, 998 F.2d 1247, 1254 (4th Cir. 1993). The specific intent may be proven by circumstantial evidence and by inferences drawn from the facts and situations. <u>United States v. Bales</u>, 813 F.2d 1289, 1294 (4th Cir. 1987).

We conclude there was sufficient evidence from which the jury could infer that Redmond knew that he was fraudulently receiving funds from the construction loan. There was sufficient evidence to show that Redmond was informed that the funds from the construction loan were to be used solely to pay the costs associated with the construction project and not for any other purpose without the approval of the lending company. In addition, the evidence was sufficient to show that it was Redmond who directed on two occasions that a request be made for an advance from the construction loan, knowing that he would use the funds to loan to an associate without the consent of the lending company.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4