UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4442

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

UNDER SEAL,

    Defendant - Appellant.

O R D E R

The Court amends its opinion filed February 28, 2012, as follows:

On the cover sheet, district court information section -- the district court docket number is deleted.

For the Court – By Direction

/s/ Patricia S. Connor
        Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4442**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

UNDER SEAL,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.

Submitted:  February 21, 2012　　Decided:  February 28, 2012

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Warren E. Gorman, Chevy Chase, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Robert K. Hur, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Appellant was convicted of one count of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006), one count of interfering with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). The convictions arose from Appellant's participation in the gang La Mara Salvatrucha or MS-13. Appellant challenges the district court's decision to reserve decision on the Government's motion in limine, to deny his motion to depose certain El Salvadorian witnesses, the court's decision to allow an expert witness to testify under a pseudonym, the jury instructions and the sufficiency of the evidence. Finding no error, we affirm.[*]

We conclude that the district court did not abuse its discretion by reserving decision on when to permit the introduction of statements Appellant previously made during interviews with the Government. A district court's evidentiary rulings are reviewed for abuse of discretion. United States v.

---

[*] This appeal was in abeyance for United States v. Argueta, No. 10-4375. We removed the case from abeyance after United States v. Ramos-Cruz, __ F.3d __, 2012 WL 130705 (4th Cir. 2012) was issued, which addressed the same issue.

Byers, 649 F.3d 197, 206 (4th Cir.), cert. denied, 132 S. Ct. 468 (2011). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). There was no error in the court's decision that the agreement signed by Appellant, his counsel and the Government was enforceable. While the court reserved decision on what particular testimony or evidence would trigger the introduction into evidence of statements Appellant made previously, it is clear that at no time were any of the Appellant's statements admitted. Furthermore, Appellant fails to show how the court's decision in this regard adversely affected his right to cross-examine witness or to introduce evidence. Appellant's claim that he was denied the right to counsel because counsel was unable to present a defense as a result of the court's ruling is pure speculation.

We further conclude the district court did not err in denying Appellant's motion to depose El Salvadorian witnesses. The proposed evidence did not contradict the Government's evidence that Appellant was sent by MS-13 from El Salvador to the United States to work with the Maryland gang.

3

The district court did not abuse its discretion by permitting an El Salvadorian police officer to testify under a pseudonym and without offering any identifying information. This precise issue was decided in United States v. Ramos-Cruz, __ F.3d __, 2012 WL 130705 (4th Cir. 2012). We note that the witness testified anonymously in Ramos-Cruz's trial and other trials of MS-13 members.

We have reviewed Appellant's several challenges to the district court's jury instructions and find no abuse of discretion. United States v. Bolden, 325 F.3d 471, 486 (4th Cir. 2003) (stating standard of review).

This court is obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the Government, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The court has defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862. The court "consider[s] circumstantial as well as direct evidence, and allow[s] the government the benefit of all reasonable inferences from the facts proven to those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and assumes that the fact finder resolved all

4

contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008). "[A]s a general proposition, circumstantial evidence may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (alteration and quotation marks omitted). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

We have reviewed the evidence supporting the Hobbs Act conviction and find it more than sufficient to sustain the conviction. The evidence established an underlying robbery and an effect on interstate commerce.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED