**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4030**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MIGUEL GUILLON AMADOR,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:09-cr-00130-RJC-1)

_____

Submitted:  February 16, 2012          Decided:  March 13, 2012

_____

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Claire J. Rauscher, Executive Director, Ann L. Hester, Steven
Slawinski, Assistant Federal Defenders, Charlotte, North
Carolina, for Appellant. Anne M. Tompkins, United States
Attorney, Richard Lee Edwards, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Guillon Amador pled guilty to one count of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006), and one count of possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2011) (2006). The district court sentenced Amador to 210 months in prison and ordered that he reimburse the United States $1000 toward the cost of his court-appointed attorneys' fees. Amador timely appealed. We affirm in part, vacate in part, and remand to the district court for partial resentencing.

On appeal, Amador contends that the district court erred (1) when it held Amador responsible for more than fifteen kilograms of cocaine; (2) in applying an upward adjustment to Amador's offense level upon finding him a manager or supervisor in the conspiracy; and (3) in ordering Amador to reimburse the Government $1000 for attorneys' fees.

Turning first to Amador's claim regarding drug weight, we "review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). Under this standard, we will reverse the district court only "if left with

2

the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted). At sentencing, the Government need only establish the amount of drugs involved by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir. 2008). Our review of the record leads us to conclude that the Government satisfied its burden of proof, and therefore the district court did not err in holding Amador responsible for fifteen kilograms of cocaine.

Next, Amador claims that the district court erred in applying an upward adjustment to Amador's offense level on finding him a manager or supervisor in the conspiracy. "A sentencing court's ruling on the aggravating role adjustment is a factual determination reviewed for clear error." United States v. Llamas, 599 F.3d 381, 389 (4th Cir. 2010) (internal quotation marks omitted). Under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (2009), a three-level enhancement is authorized "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." Amador does not contest that the drug conspiracy at issue was of the requisite size. A defendant need supervise as few as one other person to warrant the enhancement. USSG § 3B1.1 cmt. nn.2, 3. The leadership enhancement "is appropriate where the evidence

3

demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." Slade, 631 F.3d at 190 (internal quotation marks omitted). The facts establishing the enhancement must be supported by a preponderance of the evidence. United States v. Cabrera-Beltran, 660 F.3d 742, 756 (4th Cir. 2011).

The Guideline commentary identifies numerous factors to be considered in determining the applicability of an aggravating role enhancement, including whether the defendant exercised decision-making authority, claimed the right to a larger share of the profit, and exercised authority and control over others. USSG § 3B1.1 cmt. n.4. However, this court has also noted that "being a buyer and seller of illegal drugs, even in league with more than five or more other persons, does not establish that a defendant has functioned as an organizer, leader, manager or supervisor of criminal activity." United States v. Sayles, 296 F.3d 219, 225 (4th Cir. 2002) (internal quotation marks omitted). After thoroughly reviewing the record in light of the relevant factors, we conclude that the district court did not err in sentencing Amador as a manager or supervisor of the conspiracy.

Finally, Amador claims that the district court erred in requiring him to reimburse the United States $1000 for his court-appointed attorneys' fees without making a specific

4

finding as to his present ability to pay.  Both parties agree that, as this issue was not preserved below, we review the district court's determination to order reimbursement for plain error.  Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-35 (1993).

The Criminal Justice Act, 18 U.S.C. § 3006A (2006), mandates that the government provide legal representation for those charged with a federal felony who are unable to pay for counsel.  The statute provides that if a court later determines a defendant is able to make full or partial payment for his counsel, the court may authorize such payment.  § 3006A(c), (f).  This court recently held, in United States v. Moore, 666 F.3d 313, 2012 WL 208041, at *6 (4th Cir. Jan. 25, 2012), that under the plain language of the statute, "the district court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees." Id. at *6.  Because the district court made no such finding in Moore, this court found that the district court had erred, vacated the portion of Moore's sentence relating to the reimbursement of attorney's fees, and remanded. Id. at *9.

Similarly, in the case at hand, the district court made no determination as to Amador's ability to pay the ordered amount. We conclude that this error is plain, in light of the clear statutory language, and that the error affects Amador's substantial rights. We thus find it appropriate to exercise our discretion to direct the district court to resentence Amador as to this portion of the sentence. See Olano, 507 U.S. at 732-36. Accordingly we vacate that part of Amador's sentence requiring him to repay $1000 of court-appointed attorneys' fees, and remand for resentencing as to this issue only, consistent with this opinion and our decision in Moore.

We affirm Amador's conviction, which he does not challenge on appeal. We affirm Amador's sentence in all respects except as to the direction that Amador repay court-appointed attorneys' fees. We vacate that portion of the judgment, and remand for reconsideration of that issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

6