**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4756**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

ANTHONY LEE WAINWRIGHT, JR., a/k/a Youngin,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Chief District Judge. (4:10-cr-00016-RBS-TEM-1)

———————

Submitted: May 8, 2012           Decided: May 11, 2012

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Lisa R. McKeel, Brian J. Samuels, Howard J. Zlotnick, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lee Wainwright appeals the sentence of life plus eighty-four months imposed following his jury conviction of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006) ("Count One"); interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Count Two"); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count Three"); discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006) ("Count Four"); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Five"); use of a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j) ("Count Six"); and killing a witness to prevent communication to law enforcement, in violation of 18 U.S.C.A. § 1512(a)(1)(C), (a)(3)(A) (West 2000 & Supp. 2011) ("Count Seven"). The charges arose from the robbery of a Hardee's restaurant that culminated in the murder of a Hardee's employee. On appeal, Wainwright argues that insufficient evidence supports his convictions. We affirm.

Because Wainwright did not file a Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal, we review his claim for plain error. See United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008). In reviewing a challenge

2

to the sufficiency of the evidence, we must uphold the jury verdict "if there is substantial evidence, viewed in the light most favorable to the Government, to support it." United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). In resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, and we must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Brooks, 524 F.3d 549, 564 (4th Cir. 2008).

Initially, we note that although Wainwright purports to challenge the sufficiency of the evidence on all counts, he does not raise Count Three in the argument section of his brief and has therefore waived review on that count. See United States v. Hudson, 673, F.3d 263, 268 (4th Cir. 2012). As to the remaining counts, we conclude that sufficient evidence supports the jury's verdict finding Wainwright guilty beyond a reasonable doubt.

To establish a Hobbs Act robbery, the Government must prove:

> (1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.

United States v. Buffey, 899 F.2d 1402, 1403 (4th Cir. 1990). To establish a conspiracy to commit Hobbs Act robbery, the Government must prove that the defendant agreed with at least one other person to commit acts that would satisfy the above three elements. Id.

Here, after hearing testimony from two Hardee's employees that they were intimidated by masked gunmen wearing black into parting with money from Hardee's safe and registers and consistent testimony from several of Wainwright's coconspirators, the jury reasonably concluded that Wainwright conspired to commit and did commit a Hobbs Act robbery. Although Wainwright argues that the testimony of his coconspirators was contradictory and incredible, we will not second-guess a jury's credibility determinations, even in the face of minor inconsistencies. Brooks, 524 F.3d at 563.

To support a conviction for using or carrying a firearm during a crime of violence, the Government is required to show that the defendant committed a crime of violence, during

which he used or carried a firearm.  18 U.S.C. § 924(c)(1)(A).[*] Further, to support a conviction under 18 U.S.C. § 924(j), the Government must show that the defendant, in the course of violating § 924(c), caused the death of a person through the use of a firearm.  18 U.S.C. § 924(j).

Here, two Hardee's employees testified that they watched a man matching Wainwright's description use a gun to shoot and kill the victim.  Likewise, the jury heard at least five separate accounts that Wainwright confessed to shooting and killing the victim in the course of the robbery.  Contrary to Wainwright's contention, there was substantial evidence, even absent the testimony of additional coconspirators, from which the jury could conclude beyond a reasonable doubt that Wainwright used and carried a gun during the commission of the robbery, resulting in the victim's death.

Finally, to establish a violation of 18 U.S.C.A. § 1512(a)(1)(C), the Government must prove "(1) a killing or attempted killing, (2) committed with a particular intent, namely an intent (a) to prevent a communication (b) about the commission or possible commission of a Federal offense (c) to a

---

[*] Recognizing that the brandishing and discharge of firearms are sentencing factors rather than elements of offenses, Harris v. United States, 536 U.S. 545, 556 (2002), the district court properly vacated Count Four for sentencing purposes.

federal law enforcement officer or judge." <u>Fowler v. United States</u>, 131 S. Ct. 2045, 2049 (2011) (internal quotation marks omitted). The Government presented evidence that Wainwright and the victim knew each other and that Wainwright told several people that he killed the victim because she saw his face and would be able to identify him. From this testimony, and because Wainwright was independently charged with Hobbs Act robbery, the jury could reasonably have found that Wainwright murdered the victim in order to keep her from identifying him to federal law enforcement officers. <u>See</u> <u>id.</u> at 2052.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>