**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4560**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TRAVIS DOUG BURLEY,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge. (3:12-cr-00186-JAG-1)

———————

Submitted: March 28, 2014          Decided:  April 21, 2014

———————

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Amy Leigh Austin, LAW OFFICE OF AMY L. AUSTIN, PLLC, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Doug Burley appeals his conviction following a jury trial for using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). On appeal, Burley argues that the evidence elicited at trial was insufficient to support his conviction. Because we conclude Burley fails to meet his burden of establishing that the evidence was insufficient, we affirm.

We review de novo a challenge to the sufficiency of the evidence supporting a jury verdict. United States v. Hager, 721 F.3d 167, 179 (4th Cir. 2013), petition for cert. filed, __ U.S.L.W. __ (U.S. Dec. 16, 2013) (No. 13-7913). We will affirm if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the Government, the verdict is supported by substantial evidence. United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011). Substantial evidence is defined as such "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted). We are obliged to affirm if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United

2

States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). A defendant seeking to challenge the sufficiency of the evidence "carries a heavy burden," as reversal is reserved for cases "where the prosecution's failure is clear." United States v. Bishop, 740 F.3d 927, 935 (4th Cir. 2014) (internal quotation marks omitted).

To convict Burley of violating § 924(c), the Government was required to prove that Burley "used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime." United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007); see 18 U.S.C. § 924(c)(1)(A). In his opening brief, Burley essentially raises two distinct challenges to the sufficiency of the evidence. Burley primarily argues that the jury could not have found the elements of the offense beyond a reasonable doubt because three of the Government's primary witnesses were not credible, and his own theory of the case was more persuasive. This argument is entirely unavailing, as it is well-settled that "[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." United States v. Palacios, 677 F.3d 234, 248 (4th Cir.) (internal quotation marks and alterations omitted), cert. denied, 133 S. Ct. 124 (2012).

3

Burley also briefly asserts that the evidence failed to demonstrate that he knowingly engaged in a drug trafficking offense or knowingly possessed the firearm during or in relation to the drug trafficking offense. In his opening brief, Burley bases this claim solely on the absence of direct evidence that he was the intended purchaser in an arranged sale of marijuana, during which, the Government alleged, the gun discharged after Burley attempted to rob the seller of his marijuana. This argument, too, is unavailing. One witness' testimony regarding his interaction with Burley on the day of the shooting provided circumstantial evidence from which the jury could infer that Burley was the intended drug purchaser. Another witness testified that Burley told him the shooting had occurred when Burley met with a drug dealer to purchase marijuana and instead decided to steal it. Viewing the evidence, as we must, in the light most favorable to the Government, see Penniegraft, 641 F.3d at 572, this testimony provided ample evidence from which the jury could deduce that Burley was the individual for whom the drug transaction had been arranged.

The arguments raised by Burley in his opening brief fall far short of satisfying the heavy burden required for a successful challenge to the sufficiency of the evidence. While Burley raises additional arguments in his reply brief, these arguments are not properly before us, and we decline to consider

4

them.  See United States v. Brooks, 524 F.3d 549, 556 & n.11 (4th Cir. 2008) (deeming claim raised for first time in reply brief abandoned); Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (concluding that petitioner abandoned argument on appeal raised for first time in reply brief by failing to raise it in opening brief).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED