**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4487**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

SHAWN MILES,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:13-cr-00205-HEH-1)

Submitted: December 16, 2014        Decided: March 4, 2015

Before NIEMEYER, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Robert J. Wagner, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Heather L. Hart, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Miles pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012) and one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012). Miles pled not guilty to one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (2012), and a federal jury acquitted him of that count. Miles was sentenced to a term of forty-six months' imprisonment to be followed by three years of supervised release. Miles contends that the district court erred in applying a two-level enhancement at sentencing pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013) for possessing a firearm when the jury had acquitted him of that conduct.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or

2

failing to adequately explain the chosen sentence." <u>Gall</u>, 552 U.S. at 51. We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see</u> <u>Rita v. United States</u>, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-Guidelines sentence).

Upon review, we conclude that the court did not procedurally err or violate Miles' right to a jury trial by considering acquitted conduct proved by a preponderance of the evidence in determining the applicable Guidelines range, within the proper statutory penalty range. <u>See</u> <u>United States v. Brooks</u>, 524 F.3d 549, 562-63 (4th Cir. 2008). Moreover, the district court did not err in applying the enhancement on the facts of this case. <u>See</u> <u>United States v. Harris</u>, 128 F.3d 850, 852-53 (4th Cir. 1997). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>