**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4152**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENNETH MARQUISE RUFF, a/k/a Red Hot,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:17-cr-00134-FDW-DSC-67)

Submitted:  November 27, 2019                    Decided:  December 20, 2019

Before GREGORY, Chief Judge, and MOTZ and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., DUNGAN, KILBOURNE & STAHL, PA, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Marquise Ruff appeals the 63-month sentence imposed after he pled guilty without a plea agreement to conspiracy to participate in racketeering activity (RICO), in violation of 18 U.S.C. §§ 1962(d), 1963(2) (2012). Ruff asserts that the district court erred in calculating his Sentencing Guidelines range. According to Ruff, the court should not have enhanced his criminal history score under U.S. Sentencing Guidelines Manual (USSG) § 4A1.1(d) (2018), because he argues that, absent an overt act indicating that a RICO conspiracy is ongoing, the district court should not have assumed he was "under a criminal justice sentence" during the RICO conspiracy. Ruff also assigns error to the court's decision to increase his base offense level under: (1) USSG § 3C1.1 (2018), for obstruction of justice; and (2) USSG § 3B1.1(c) (2018), for his aggravating role in the conspiracy to which he pled guilty. Finding no error, we affirm.

In reviewing whether a sentencing court properly calculated a Guidelines range, including its application of a sentencing enhancement, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). Thus, whether a defendant obstructed justice warranting an offense level increase under USSG § 3C1.1 is a finding of fact that this court reviews for clear error. *See United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015). We also review for clear error a district court's finding that a defendant committed an offense while under a criminal justice sentence, *see United States v. Brooks*, 524 F.3d 549, 564-65 (4th Cir. 2008), and that a defendant was a manager or supervisor of criminal activity, *see United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013). This court will find clear error

2

only if it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted). We have reviewed the record and have considered the parties' arguments and discern no clear error in the district court's decision to adopt the Guidelines range as calculated in Ruff's presentence report.

We thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*